JOHN J. CAVANAUGH *vs.* WILLIAM S. GRADY.

PROVIDENCE—JUNE 5, 1902.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Nonsuit.*

The rule that a motion for nonsuit is ordinarily addressed to the discretion of the court and a denial of it is not subject to exception is particularly applicable to such a motion in a District Court.

(2) *Findings of Fact by District Court. Exceptions. Jury Trial.*

Findings of fact by a District Court are not reviewable on exceptions. The remedy of a party seeking to set aside a decision as against the weight of the evidence is to claim a jury trial.

ASSUMPSIT. Heard on defendant's exceptions to rulings of a District Court. Exceptions overruled.

PER CURIAM. This case comes before us on exceptions to

the ruling of the District Court of the Sixth Judicial District.

(1)   First.   That upon the evidence in the case the plaintiff should have been nonsuited.

The refusal of a motion to nonsuit is ordinarily no ground for exceptions. *Peyton* v. *Sherburne*, 15 R. I. 213. A motion for nonsuit is ordinarily addressed to the discretion of the court, and a denial of it is not subject to exceptions. *Tillinghast* v. *McLeod*, 17 R. I. 208. We think this rule is particularly applicable to such a motion in a District Court, where there are no provisions made for preserving an accurate report of the evidence.

(2)   Secondly.   That the decision of the court was erroneous in law.

The finding complained of was that the plaintiff was the agent of the defendant and not of the vendee of his saloon in the transaction referred to.

This is a mixed question of law and fact. The court not only found the facts adversely to the defendant, but also stated the evidence differently from the defendant's statement.

Findings of fact are not reviewable on exceptions. *Abbott* v. *Davidson*, 18 R. I. 91. The statute provides that if a statement of evidence be disallowed by the court, the evidence may be set forth by affidavits "with the same effect as if such statements had been allowed and signed by the justice." Gen. Laws cap. 250, § 15.

In this case the statement of the judge gives additional testimony, and the affidavit does not deny that such testimony was given. Taking the statement of the case as sustained by the affidavit and the judge's statement as of equal weight, it appears that the evidence on the question of agency was contradictory, and the contention becomes an effort to set aside the decision on the ground that it was against the weight of the evidence. In such a case the defendant's remedy is to claim a jury trial; not to bring exceptions to this court.

For these reason the exceptions must be overruled, and the case remanded to the District Court for judgment.

*P. J. McCarthy,* for plaintiff.

*W. F. Barry,* for defendant.